**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| DTG OPERATIONS, INC., d/b/a ) <br> THRIFTY CAR RENTAL ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MOSES ROBINSON, FRANKIE KELLY ) <br> as Personal Representative of the Estate of ) <br> RONNIE A. KELLY, SHAKENE A. ) <br> RICHBERG, AND MARJHANI ISMAIL, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO.   4:10-cv-2750-RBH <br><br> **ORDER** |

This lawsuit stems from an automobile accident involving one of DTG Operations, Inc., d/b/a Thrifty Car Rental's (Thrifty) rental vehicles, in which one passenger was seriously injured and another was killed. Thrifty filed this declaratory judgment action seeking a determination of its rights and obligations arising out of the automobile accident. Defendants Robinson and Kelly filed an Answer and Counterclaim, asserting two causes of action for first-party bad faith and violation of the South Carolina Insurance Trade Practices Act. By way of an Order dated May 5, 2011, this Court granted summary judgment in favor of Thrifty as to the counterclaim for bad faith, and dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure the Defendants' counterclaim for violation of the South Carolina Insurance Trade Practices Act.

The May 5, 2011 Order resolved Thrifty's rights and obligations related to Defendants Robinson's and Kelly's entitlement to uninsured motorist coverage and their claims against Thrifty, but left unresolved Thrifty's rights and obligations related to Defendant Shakene A. Richberg's entitlement to liability coverage for the underlying accident. Richberg has failed to plead or otherwise defend, and his default was entered on June 6, 2011. Thrifty has now moved

for default judgment against Shakene A. Richberg and further seeks entry of final judgment against all Defendants contemporaneously with the requested default judgment against Richberg.

## Factual Background and Procedural History

Thrifty rented a vehicle to Defendant Marjhani Ismail at its place of business located in Orlando, Florida. On October 29, 2008, Defendant Shakene A. Richberg (Richberg) was operating the rental vehicle when he was involved in a serious accident. Defendant Moses Robinson (Robinson) and Ronnie Kelly were passengers in the rental car. Defendant Robinson sustained serious injuries, and Ronnie Kelly was killed in the accident. Thrifty subsequently denied liability coverage for any and all claims resulting from the accident "due to the fact that the operator of the rental vehicle, Shakene Richberg, was not authorized to operate the rental vehicle." On January 7, 2010, counsel for the Defendants chose to file a lawsuit against Shakene Richberg captioned *Estate of Ronnie A. Kelly and Moses Robinson v. Shakene Richberg,* 2010-CP-21-0047 (hereinafter "the underlying tort action"). Thrifty first received notice of the underlying tort action after a final Order of Default and Entry of Judgment against Shakene Richberg was filed in the underlying tort action on September 14, 2010.

On October 22, 2010, Thrifty filed this action seeking a declaration of its rights and obligations arising out of the automobile accident. Counsel for Defendants Robinson and Kelly responded to the Complaint by filing an Answer and Counterclaim asserting causes of action for first-party bad faith and violation of the South Carolina Insurance Trade Practices Act. Thrifty subsequently filed a motion to dismiss the counterclaims, or alternatively for summary judgment, which the Court granted by way of an Order dated May 5, 2011. [Docket Entry # 20]. The Court noted in its May 5, 2011 Order that Thrifty's motion concerned only the Defendants' counterclaims, which dealt solely with UM coverage, and therefore the issue of Thrifty's rights

and obligations relating to liability coverage or indemnity coverage remained in dispute at that time.

On May 23, 2011, Thrifty requested an Entry of Default against Richberg based upon his failure to plead or otherwise defend. [Docket Entry # 22]. Richberg's default was entered by the clerk on June 6, 2011. [Docket Entry # 23]. Thrifty moved for a default judgment against Richberg and entry of final judgment that same day. [Docket Entry # 24]. Thrifty filed an Amended Motion for Default Judgment and Request for Final Judgment on June 22, 2011 [Docket Entry # 26], which is presently before the Court.

In its Amended Motion for Default Judgment and Request for Final Judgment, Thrifty argues that as a result of the entry of default against Richberg based upon his failure to plead or otherwise defend, Thrifty is entitled to the relief sought against him in the Complaint. Thrifty further argues that Richberg's default, and the allegations Richberg is deemed to have admitted by virtue of his default, resolves the remaining issue in this action regarding Richberg's entitlement to liability coverage, such that entry of final judgment against all Defendants is appropriate at this time. Defendants filed no response to Thrifty's Motion.

## **Discussion**

Rule 55(a) of the Federal Rules of Civil Procedure provides that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." After the clerk enters default, the party may seek a default judgment under Rule 55(b), which "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

Shakene A. Richberg was served with the Summons and Complaint on February 17, 2011. Affidavit of Service [Docket Entry # 21-1]. No answer was filed with the Court by or on behalf of Richberg, and Richberg has failed to otherwise plead or defend. Declaration of Default [Docket Entry # 22-1]. Richberg's default was entered by the clerk on June 6, 2011. [Docket Entry # 23]. Richberg was notified in the Summons served upon him that his failure to appear and defend will result in a default judgment against him for the relief demanded in the Complaint. Summons [Docket Entry # 4]. The relief sought by Thrifty in the Complaint includes an Order declaring that "Thrifty properly denied liability coverage and is not obligated to provide indemnity coverage for all or any portion of the judgment obtained against Shakene A. Richberg . . . ." Complaint, ¶ 35 [Docket Entry # 1].

It is undisputed that Richberg has failed to plead or otherwise defend and is in default. As such, Thrifty is entitled to a default judgment against Shakene A. Richberg declaring that Thrifty properly denied liability coverage and is not obligated to provide indemnity coverage for all or any portion of the judgment obtained against Shakene A. Richberg.

As this Court noted in its Order of May 5, 2011, the remaining issue in this action involves Thrifty's rights and obligations relating to liability coverage or indemnity coverage. [Docket Entry # 20]. More specifically, the precise issue that was left unresolved by the Order of May 5, 2011 is whether Thrifty properly disclaimed any liability coverage that may have been available to Shakene A. Richberg. Thrifty asserts that it properly disclaimed any liability coverage based upon Richberg's unauthorized use of the vehicle.

In South Carolina, an unauthorized driver of rental vehicle is not a permissive user of the vehicle, and therefore is not entitled to liability coverage for a resulting accident. Liberty Mut. Ins. Co. v. Edwards, 294 S.C. 368, 364 S.E.2d 750, 751 (S.C. 1988). Richberg, as the party with

standing to seek liability coverage, has the burden of establishing that his use was permissive. *See* id. ("The burden is on the party seeking coverage to establish that permission was given by the named insured.")

In Liberty Mutual, Edwards was involved in an automobile accident while driving a rental vehicle that she was not authorized to operate. Id. Edwards did not rent the vehicle and was not named in the rental agreement, which expressly prohibited any unnamed drivers from operating the vehicle. Id. Liberty Mutual disclaimed any liability coverage for Edwards. In the ensuing declaratory judgment action, the trial court found that Liberty Mutual was not obligated to provided liability coverage because that Edwards was not a permissive user of the vehicle. Id. The Supreme Court of South Carolina affirmed, holding that to establish permissive use for purposes of liability coverage, permission must originate from the rental agency, and that the renter does not have authority to delegate permission anyone not named in the rental agreement. Id.

In the case at hand, the driver of the rental vehicle, Shakene Richberg, is deemed to have admitted all of the allegations in the Complaint by virtue of his default. *See* Joe Hand Promotions, Inc. v. Scott's End Zone, Inc., 759 F.Supp.2d 742, 747 (D.S.C. 2010) ("accepting plaintiff's allegations against defaulting defendant as true, noting a defaulting 'admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (*quoting* DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n. 1 (4th Cir. 2009)).

Thrifty argues that Richberg's admissions, in conjunction with the requested default judgment declaring that "Thrifty properly denied liability coverage and is not obligated to provide indemnity coverage for all or any portion of the judgment obtained against Richberg[,]"

resolves the remaining issue in this action such that entry of final judgment against all Defendants is appropriate.

Richberg's admissions include that "[o]n or about October 29, 2008, Shakene A. Richberg was involved in an automobile accident in Florence, South Carolina while operating the rental vehicle without the approval Thrifty, in violation of the Rental Agreement, and otherwise as an unauthorized driver without permission to operate the vehicle." Complaint ¶ 17 [Docket Entry # 1]. Richberg further admits the following allegations:

> The Rental Agreement provides, among other terms and conditions contained therein, that no additional drivers are permitted to operate the vehicle without the approval of Thrifty.
>
> Thrifty did not authorize any persons other than the renter Marjhani Ismail to operate the rental vehicle.
>
> No additional persons appeared at the time of the rental to request authorization from Thrifty to operate the vehicle. No additional persons were named on the Rental Agreement. No additional persons signed the Rental Agreement. No fee was charged for any additional authorized drivers.

Complaint ¶¶ 12-14 [Docket Entry # 1].

Accepting Thrifty's well-pleaded factual allegations as true, Richberg's admissions clearly fall within the scope of Liberty Mut. Ins. Co. v. Edwards, such that Thrifty is entitled to a finding that it properly disclaimed any liability coverage that may have been available to Richberg for the underlying accident. Accordingly, this Court finds that final judgment against all Defendants is appropriate at this time.

## Conclusion

Based on the foregoing, this Court **GRANTS** Thrifty's Amended Motion for Default Judgment and Request for Final Judgment [Docket Entry # 26]. Specifically, Thrifty is entitled to a default judgment against Shakene A. Richberg awarding Thrifty a declaratory judgment

consistent with the relief sought in the Complaint, including that "Thrifty properly denied liability coverage and is not obligated to provide indemnity coverage for all or any portion of the judgment obtained against Shakene A. Richberg." This default judgment, in conjunction with the facts established by virtue of Richberg's admissions, resolves the remaining issue of Richberg's entitlement to liability coverage for the underlying accident. Having previously resolved the rights and obligations between Thrifty and Defendants Robinson and Kelly as to the availability of UM benefits, the Court finds that entry of final judgment against all Defendants is appropriate at this stage.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

July 13, 2011  
Florence, South Carolina